# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTEZ TALLEY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LT. D. PRESSLEY, *et al.*, | : | NO. 18-14 |
| Defendants. | : | |

## MEMORANDUM

**STENGEL, C.J.**                                                                                          **JANUARY 11, 2018**

      Plaintiff Quintez Talley, a state inmate currently incarcerated at SCI Graterford, has filed a Petition pursuant to Rule 27 of the Federal Rules of Civil Procedure. Rule 27 provides, in pertinent part, that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a). In his Petition, Mr. Talley alleges that on several occasions in October of 2017, officers at SCI Graterford sprayed him with a fire extinguisher, issued false misconduct reports against him, and withheld his property as punishment to retaliate against him for throwing feces and setting various items on fire. Mr. Talley indicates that he would like to file a civil suit regarding those officers' (and others') deliberate indifference and retaliation and seeks leave to depose them regarding these events.

      Mr. Talley neither submitted the filing fee nor filed a motion to proceed *in forma pauperis* with his Petition. Under 28 U.S.C. § 1915, as modified by the Prison Litigation Reform Act ("PLRA"), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Thus,

at the outset, the Court must determine whether a petition filed pursuant to Rule 27 of the Federal Rules of Civil Procedure constitutes a "civil action" for purposes of the PLRA.

The United States Court of Appeals for the Third Circuit has not addressed whether Rule 27 petitions are subject to the PLRA. *See In re Whitehead*, 476 F. App'x 281, 282 n.1 (3d Cir. 2012) (per curiam) (noting that "resolution of this case on the merits of Whitehead's Rule 27 petition avoids the need to decide whether Rule 27 petitions provide a basis to proceed *in forma pauperis*"). Furthermore, no other circuit has addressed the issue. However, the Court finds the Third Circuit's decision in *Madden v. Myers*, 102 F.3d 74, 76-78 (3d Cir. 1996), *superseded in part on other grounds by* 3d Cir. L.A.R. 24.1(c), to be instructive.

In *Madden*, the petitioner filed a mandamus petition with the Third Circuit, requesting that the Third Circuit compel the district court to act on his *habeas corpus* petition. The Third Circuit held that the petition for mandamus, which was filed pursuant to 28 U.S.C. § 1651, was not subject to the PLRA. *Id.* at 76-78. The court reasoned that, because such a mandamus petition is akin to a procedural step in the litigation to remedy delays in the lower court, it could not be considered a "civil action" or "appeal" for purposes of the PLRA's payment provision set forth in 28 U.S.C. § 1915(b). The Third Circuit further reasoned that "where the underlying litigation is criminal, or otherwise of the type that Congress did not intend to curtail, the petition for mandamus need not comply with the PLRA." *Id.* at 77.

The Court concludes that a petition brought pursuant to Rule 27 of the Federal Rules of Civil Procedure is also a procedural step in litigation and is not the type of litigation that Congress intended to curtail by passing the PLRA. Indeed, Rule 27(a) explicitly states that its provisions apply "[b]efore an action is filed." Fed. R. Civ. P. 27(a) (emphasis omitted). The Court can envision scenarios in which it would be plausible for a prisoner to seek leave to depose

correctional officers and employees prior to filing an action. Accordingly, Mr. Talley's Rule 27 Petition is not subject to the PLRA.

Nevertheless, Mr. Talley must still pay the applicable filing fee or file a motion to proceed *in forma pauperis* in order to proceed with his Petition. This Court classifies Rule 27 petitions as miscellaneous actions; therefore, the filing fee is $47.00. *Cf. Fatir v. Jones*, No. 14-1329-GMS, 2014 WL 12684238, at *1 (D. Del. Dec. 11, 2014) (concluding that a Rule 27 petition is a miscellaneous filing because it is a "document that is not related to [a] pending case or proceeding"). Accordingly, within thirty (30) days of the date of this Memorandum and Order, Mr. Talley must either submit to the Clerk of Court the $47.00 filing fee or file a motion to proceed *in forma pauperis*.[1] Alternatively, Mr. Talley may submit a complaint pursuant to 42 U.S.C. § 1983 against Defendants as well as either the $400.00 fee for a civil action ($350.00 filing fee and $50.00 administrative fee) or a motion to proceed *in forma pauperis*.[2] If Mr.

---

[1] The Court expresses no opinion on the merits of Mr. Talley's Rule 27 Petition. However, to satisfy Rule 27, a petitioner must show:

- **(A)** that the petitioner expects to be a party to an action cognizable in a United States Court but cannot presently bring it or cause it to be brought;
- **(B)** the subject matter of the expected action and the petitioner's interest;
- **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
- **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
- **(E)** the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). Rule 27 is not a substitute for discovery; instead, it is "available in special circumstances to preserve testimony which could otherwise be lost." *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975). If Mr. Talley pays the $47.00 filing fee and his Petition is dismissed, he will not be entitled to the return of the money he paid toward the fee.

[2] If Mr. Talley files a civil rights complaint and motion to proceed *in forma pauperis*, and his motion is granted, he will be obligated to pay the $350.00 filing fee in installments pursuant to the PLRA's payment provision, 28 U.S.C. § 1915(b).

Talley chooses to file a complaint against Defendants, the complaint will be opened as a separate action. An appropriate Order follows, which shall be docketed separately.